## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-21382 JGR |
| WESTON EDUCATIONAL, INC., ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| SIMON E. RODRIGUEZ, ) | Adversary Proceeding No. |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| CAVCAPITAL, LTD. fdba ) | |
| ADVANCE PAYROLL FUNDING, LTD., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Simon E. Rodriguez, Chapter 7 Trustee, by and through undersigned counsel, for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), (b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Trustee consents to entry of final orders and judgment by the Bankruptcy Court.

### GENERAL ALLEGATIONS

6. Weston Educational, Inc. ("Debtor") filed its petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on November 21, 2016 (the "Petition

Date") in the United States Bankruptcy Court for the District of Colorado, Case No. 16-21382 JGR.

7. Plaintiff, Simon E. Rodriguez (the "Trustee") is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

8. Defendant CavCapital, Ltd. ("Defendant") is an Ohio limited liability company previously doing business as Advance Payroll Funding Ltd. with its principle place of business located at 3401 Enterprise Pkwy., Ste. 520, Beachwood, Ohio 44122.

9. According to Debtor's financial records, on or within 90 days of the Petition Date, Debtor paid Defendant an aggregate amount of at least $8,197.94 (the "Payment" or "Payments"), or such greater amount as determined through discovery.

## CLAIM FOR RELIEF
### (Preferential Transfer—11 U.S.C. § 547(b))

10. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 9 as though more fully set forth in this Claim for Relief.

11. The Payment or Payments were transfers of property of the Debtor as defined in 11 U.S.C. § 101(54) (the "Transfers").

12. The Transfers were made to or for the benefit of Defendant.

13. The Transfers were made for or on account of an antecedent debt owed by the Debtor before such Transfers were made.

14. At the time of the Transfers, Debtor was insolvent.

15. The Transfers were made on or within 90 days before the Petition Date.

16. The Transfers enabled Defendant to receive more than it would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding the Transfers pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided Transfers or the value thereof from Defendant; and (c) granting such other relief as the Court deems appropriate.

Dated: November 1, 2018

    Respectfully submitted,

    WADSWORTH WARNER CONRARDY, P.C.

    */s/ Lacey S. Bryan*
    David V. Wadsworth, #32066
    Aaron J. Conrardy, #40030
    Lacey S. Bryan, #51908
    2580 West Main Street, Suite 200
    Littleton, Colorado 80120
    (303) 296-1999 /Fax: (303) 296-7600
    dwadsworth@wwc-legal.com
    aconrardy@wwc-legal.com
    lbryan@wwc-legal.com
    Attorneys for the Plaintiff/Trustee